UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-80982-CIV-RYSKAMP/VITUNAC

WILLIAM PLANER, on his own
behalf and others similarly situated,

    Plaintiff,

v.

BENNETT AUTO SUPPLY, INC., a
Florida corporation

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, WILLIAM PLANER, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, files his Response in Opposition to Defendant's Motion for Protective Order and states:

**I.   DEFENDANT'S MOTION FOR PROTECTIVE ORDER
    SHOULD BE DENIED**

**A.   INTRODUCTION**

Defendant's Motion for Protective Order should be denied. Defendant fails to appreciate that Plaintiff filed this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Accordingly, discovery regarding the "similarly situated" allegations of the Complaint is relevant, material and reasonably calculated to lead to the discovery of admissible evidence.

**B.   THE BROAD SCOPE OF DISCOVERY DEPOSITIONS**

The scope of discovery, including the scope of 30(b)(6) depositions, is broad:

> **A person may depose any person concerning matters within the scope of *Federal Rule of Civil Procedure 30(b)(6)*.** The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507, 508, 91 L. Ed. 451, 67 S. Ct. 385 (1947). See also Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. at 501. Thus, **under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case**." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). "**Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues.**" Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

CFTC v. Midland Rare Coin Exch., Inc., 1999 U.S. Dist. LEXIS 16939, *6-7 (S.D. Fla. 1999) (emphasis added). The Supreme Court has held that discovery is designed to help define and clarify the issues. Hickman v. Taylor, 329 U.S. 495, 501 (1947). The Federal Rules of Civil Procedure "strongly favor **full** discovery whenever possible." Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) (emphasis added). As a corollary to the broad scope of discovery and corporate representative depositions, the designations in a 30(b)(6) notice do **not** preclude inquiry into other areas and do **not** limit the scope of the deposition. King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fla. 1995); McMahon v. Presidential Airways, Inc., 2006 U.S. Distr. Lexis 4909, *11-12 (M.D. Fla.

2

2006).

A party is **not** entitled to a protective order unless the party demonstrates that the objected-to areas of inquiry are "**clearly outside the scope of appropriate discovery**." See, CFTC, 1999 U.S. Distr. Lexis 16939, at * 8 (emphasis added). The party seeking a protective order bears the burden of showing good cause. Id. at *8-9. To establish good cause, the movant must submit a "particular and specific demonstration of fact, as distinguished from stereotyped conclusory statements." Id. at *9 (citing, Gulf Oil v. Bernard, 452 U.S. 89, 102 (1989)).

**C.   THE DESIGNATION OF THE PERSON WITH THE MOST KNOWLEDGE OF THE SIMILARLY SITUATED ALLEGATIONS OF PLAINTIFF'S COMPLAINT IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE IN THIS FLSA COLLECTIVE ACTION FOR OVERTIME WAGES**

Unquestionably, the designation of the person with most knowledge of the similarly situated allegations of Plaintiff's Complaint is relevant, material and reasonably calculated to lead to the discovery of admissible evidence. Therefore, Defendant's Motion for Protective Order should be denied.

The Complaint alleges as follows:

1. Plaintiff, WILLIAM PLANER (hereinafter referred to as "Plaintiff"), was an employee of Defendant, BENNETT AUTO SUPPLY, INC., a Florida corporation, (hereinafter referred to as "Defendant"), and **brings this action on behalf of himself and other current and former employees of Defendant similarly situated to him** for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

5. Defendant, BENNETT AUTO SUPPLY, INC., currently owns and operates 23 stores from Hollywood to Titusville. **It is the intention of this collective**

3

**action to include each and every similarly situated employee who worked for Defendants at any of Defendant's locations**.

8. **The additional persons who may become Plaintiffs in this action are (I) salaried employees who held non-exempt positions and who worked in excess of forty (40) hours during one or more work weeks on or after October 2002 (see, Count I); and (ii) hourly paid employees who were subjected to unilateral lunch deduction despite not taking a bona-fide lunch break (see, Count II)**.

9. At all times pertinent to this Amended Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209 in that Plaintiff **and those similarly situated to Plaintiff** performed services for Defendant for which no provision was made by the Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week as a result of misclassifying the assistant managers as exempt (Count I) and making improper deductions from hours worked of the hourly paid employees (Count II).

11. In the course of employment with Defendant, Plaintiff **and other similarly situated employees** were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

14. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. **All similarly situated employees (assistant managers misclassified as exempt, but whose primary duties were not that of non-exempt employees) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid**.

15. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (**Plaintiff and those similarly situated to him**) have suffered damages plus incurring costs and reasonable attorney's fees.

16. As a result of Defendant's willful violation of the Act, all Plaintiffs (**Plaintiff and those similarly situated to him**) are entitled to liquidated damages.

19. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. **All similarly situated employees (hourly paid employees subjected to unilateral meal deductions) are similarly owed their overtime rate for each overtime hour**

4

**they worked and were not properly paid**.

20. Defendant's policy was to regularly deduct thirty (30) minutes from Plaintiff's total hours worked for the day. This automatic deduction ostensibly was for a meal break. However, during one or more work weeks, **Plaintiff and the other employees similarly situated regularly did not take bona fide meal breaks. Nonetheless, Defendant regularly and unilaterally deducted thirty (30) minutes, thereby depriving Plaintiff and the other employees similarly situated of overtime wages earned**.

21. By reason of this intentional, willful and unlawful acts of Defendant, all Plaintiffs (**Plaintiff and those similarly situated to him**) have suffered damages plus incurring costs and reasonable attorney's fees.

22. As a result of Defendant's willful violation of the Act, all Plaintiffs **(Plaintiff and those similarly situated to him**) are entitled to liquidated damages.

D.E. 1[1] (emphasis added). Thus, Defendant has had notice since Plaintiff filed the case over three months ago that this is a collective action brought pursuant to §216(b) of the FLSA. Defendant has **failed** to identify a single FLSA collective action case wherein a court denied the plaintiff discovery related to the similarly situated element of such an action. Indeed, **none** of the cases cited by Defendant [D.E. 35 at 3-7] address the discovery issue presented by Defendant's Motion for Protective Order. See, Hipp v. Liberty Nat'l Life Ins. Co., 252 F. 3d 1208 (11th Cir. 2001) (court considered a motion to facilitate court-approved notice to similarly situated employees, which utilizes **completely different standards** than motion for protective order); Dybach v. State of Florida, Dept. of Corrections, 942 F. 2d 1562 (11th Cir. 1991) (same) Holt v. Rite Aid Corp., 333 F.Supp. 2d 1265 (M.D. Ala. 2004) (same); Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231 (M.D. Ala. 2003) (same); Freeman v.

---

[1] The allegations of the Amended Complaint are identical; the only change was to the spelling of the Plaintiff's last name. D.E. 16.

Wal-Mart Stores, Inc., 256 F. Supp. 2d 941 (W.D. Ark. 2003) (same); H & R Block v. Housden, 186 F.R.D. 399 (E.D. Tex. 1999) (same); Severtson v. Phillips Beverage Co., 137 F.R.D. 264 (D. Minn. 1991) (same).

Moreover, courts in the Southern District of Florida, as well as other district courts, uniformly hold that information regarding similarly situated employees is discoverable in FLSA collective actions. In the context of compelling answers to interrogatories, four different judges in the Southern District of Florida recently held that information regarding similarly situated employees is discoverable in FLSA collective actions and in doing so, rejected the contentions raised by Defendant in its Motion for Protective Order. Schneider v. Express Consolidation, Inc., Case No.: 05-80325-CIV-HURLEY [D.E. 97]; Titre v. S.W. Bach & Company,2005 U.S. Distr. Lexis 32972 (S.D. Fla. 2005); Dupervil v. Asplundh Construction Co., Case No.: 04-81106-CIV-MIDDLEBROOKS [D.E. 19]; Cius v. Palm Beach Transportation LLC, Case No.: 05-80556-CIV-ZOCH [D.E. 96].

First, in Schneider, although the Court already had granted the plaintiff's motion for conditional certification and the defendants therefore already were obligated to provide a list of similarly situated employees, Magistrate Hopkins nonetheless held:

> Plaintiff's Motion to Compel should be granted in the off chance that it somehow may be more extensive in scope. . . . the Court is convinced that the information requested is relevant and material to class membership and eventual class decertification by the Court and the issue of similarity between putative class members. It is also relevant to the claims made by the Plaintiffs in that thee individuals whose identities are learned via this discovery request may have relevant information regarding the conditions and terms of the Plaintiffs' employment (or, their

6

own for Fed.R.Evid. 404(b) purposes).

Second, in Dupervil, Judge Middlebrooks, addressing this same issue, explained:

> Far from being irrelevant and unlikely to lead to the discovery of admissible evidence, Interrogatory 13 [the same as Interrogatory 14 in the instant case] seeks to ascertain the names of Defendant's employees who performed a similar job and were compensated in a similar manner . . . presumably to determine of those similarly situated employees desire to opt-in and thereby make a showing under *Dybach* [v. State of Florida Dept. of Corrections, 942 F. 2d 1562, 1567-68 (11th Cir. 1991)].

Third, in Titre, in assessing the same issue, Magistrate Seltzer reasoned:

> While the identities of "similarly situated" employees may no longer be relevant in helping Plaintiff to define a proposed plaintiff "class" (insofar as that issue has already been fully briefed by the parties), the identities of persons performing the same job as Plaintiff may be useful -- or, stated differently, could lead to the discovery of admissible evidence, see Fed. R. Civ. P. 26(b)(1) -- for a different reason: with those identities, Plaintiff could attempt to ascertain whether Defendant had previously paid overtime to any of those "similarly situated" individuals. If an employee performing the same job as Plaintiff previously had been paid overtime by Defendant, then Defendant (by virtue of those payments) would have implicitly admitted that such employees were not exempt from the overtime provisions of the FLSA. Such information would be highly relevant to the claims in this case. "Similarly situated" employees also would be likely to have relevant information regarding the job duties of telemarketers/cold callers, the number of weekly hours typically worked, and the compensation structure. Such information would be relevant to Plaintiff's claim that telemarketers/cold callers were subject to the overtime provisions of the FLSA or instead, as Defendant argues, came within the Act's exemptions. Defendant's objections to this Interrogatory are, therefore, overruled.

Other district courts in the Eleventh Circuit also have reached the same conclusion.

Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. 1994) (plaintiff's motion to compel seeking names of all employees of defendant who were similarly situated granted); Garner v. G.D. Searle Pharmaceuticals & Co., 802 F. Supp. 418 (M.D. Ala. 1991) (court, before deciding the issue of whether to conditionally certify FLSA collective action, ordered defendant to produce job descriptions for various positions to help plaintiff define a proposed class).

In addition, numerous other district courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information. Bailey v. Ameriquest Mortgage Co., 2002 U.S. Dist. Lexis 1363 at * 6 (D. Minn. Jan. 23, 2002) (district court affirmed magistrate judge's order compelling discovery of the names and addresses of other account executives similarly situated to plaintiffs); Miklos v. Golman-Hayden Cos., Inc., 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio 2000) (plaintiff's motion to compel production of names and addresses of similarly situated employees of defendant granted); Kane v. Gage Merch. Servs., Inc., 138 F. Supp.2d 212 (D. Mass. 2001) (plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees designated as crew coordinators granted); Whitworth v. Chiles Offshore Corp., 1992 U.S. Dist. Lexis 17844 (E.D. La. 1992) (district court affirmed magistrate judge's decision granting plaintiff's motion to compel defendant to produce the names and addresses of similarly situated employees).

As alleged in the Complaint and Amended Complaint, this FLSA violation applied

to Plaintiff, **as well as the others similarly situated**. See supra. Moreover, in the deposition of the 30(b)(6) representative, Plaintiff is entitled to inquire about **all** of the assistant managers of Defendant, at **all** of Defendant's locations:

> Defendant, BENNETT AUTO SUPPLY, INC., currently owns and operates 23 stores from Hollywood to Titusville. It is the intention of this collective action to include each and every similarly situated employee who worked for Defendants at any of Defendant's locations.

D.E. 1 at ¶ 5; D.E.16 (Amended Complaint) at ¶ 5.

As noted by Judges Zloch and Middlebrooks, as well as Magistrates Hopkins and Seltzer, the information regarding similarly situated allegations in the 30(b)(6) Notice of Deposition is relevant to and, at a minimum, is reasonably calculated to lead to the discovery of admissible evidence, on the issue of certification. See supra.[2]

## II.  CONCLUSION

For these reasons, in the instant case, Defendant's Motion for Protective Order should be denied and Defendant should be compelled to provide corporate representative(s) for deposition regarding all of the areas designated on the Notice of Deposition, including the

---

[2] Moreover, as the Court is aware, the deposition of Defendant's corporate representative previously was scheduled. While Defendant chose not appear for that deposition despite having failed to obtain a protective order, it should be noted that Defendant never objected to the prior Notice of Deposition, which was identical to the subject Notice, a portion of which (related to similarly situated allegations) is the basis of Defendant's Motion for Protective Order. Consequently, Defendant has waived the right to object, especially when its failure to appear for the previously scheduled deposition was in violation of the Local Rules. § VI, General Appendix A, Local Rules of the Southern District of Florida ("a motion for protective order will **not** prevent a deposition from occurring; only a court order granting the motion will accomplish this.") (emphasis added).

9

similarly situated allegations of Plaintiff's Complaint.  D.E. 35, at Exhibit A.  As found universally by the courts which have addressed this issue, see supra, the information requested is discoverable and  Defendant's Motion for Protective Order is unfounded.  See supra.[3]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail to: Chris Kleppin, Esq. 8751 W. Broward Blvd, Suite 105, Plantation, FL 33324, (Tel: 954-424-1933; Fax: 954-474-7405), this 21st day of February, 2006.

SHAVITZ LAW GROUP, P.A.
7800 Congress Avenue, Suite 108
Boca Raton, FL 33487
Tel. No.: 561-447-8888
Fax No.: 561-447-8831
E-mail: cduignan@shavitzlaw.com

**s/CHRISTINE M. DUIGNAN**
CHRISTINE M. DUIGNAN
Fl. Bar No.: 896500
GREGG I. SHAVITZ
Fl. Bar No.: 11398

---

[3] Defendant's Motion for Protective Order obviously is in anticipation of a future motion by Plaintiff for conditional certification of an FLSA collective action.  D.E. 35 at 4-6.  Ironically, Defendant seeks to deprive Plaintiff of the facts upon which a motion for conditional certification would be premised.  Defendant is putting the cart before the horse.  Clearly, Plaintiff is entitled to the discovery regarding similarly situated employees.  See supra.  Whatever objections Defendant may have are properly reserved for when Plaintiff seeks conditional class certification, but are completely improper now, in the context of the broad scope of discovery.